# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| ALPS Property & Casualty Insurance Co., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Docket no. 2:17-cv-30-GZS ) |
| Alan J. Perry, et al., | ) ) ) |
| Defendants. | ) |

## ORDER ON MOTION FOR RECONSIDERATION

Before the Court is a motion by Defendants/Counterclaim Plaintiffs Peter Tinkham ("Tinkham") and Juliet Baird Alexander Aubain de Sabrevois ("Alexander") titled "Defendants' Motion for Identification and Possible Reconsideration" (ECF No. 51) (hereinafter, "Motion for Reconsideration"). For reasons briefly explained herein, the Court DENIES the Motion.

The Motion for Reconsideration, which was filed on February 20, 2018, seeks clarification and reconsideration of this Court's February 12, 2018 endorsement order (ECF No. 48). Via this endorsement order, the Court granted the unopposed Motion to Dismiss Third Party Claims against Third Party Defendant Wendell Large (ECF No. 46).[1] While the Motion for Reconsideration was still in its briefing stages, Tinkham and Alexander proceeded to file a "Notice of Redacted Appeal," which includes the Court's February 12, 2018 endorsement order. See ECF No. 55.[2]

As a result of this notice of appeal, the Court first considers whether it has jurisdiction to decide the Motion for Reconsideration. Ordinarily, "the filing of a notice of appeal divests the

---

[1] The Court takes judicial notice of the death of Attorney Large on April 7, 2018. See ECF No. 60.

[2] The same Notice of Appeal was also docketed in D. Me. Docket # 2:15-cv-310-JCN at ECF No. 247. This appeal was dismissed by the First Circuit on May 31, 2018. See ECF No. 267 in D. Me. Docket # 2:15-cv-310-JCN.

district court of jurisdiction over matters related to the appeal." Acevedo-Garcia v. Vera-Monroig, 368 F.3d 49, 58 (1st Cir. 2004). However, on the unique procedural history presented and recognizing Defendants' status as pro se litigants, the Court concludes that the notice of appeal filed here does not divest this Court of jurisdiction. Rather, the analysis applied by Judge Nivison in the related case of Perry v. Tinkham applies with equal force to this situation. See Perry v. Tinkham, No. 2:15-CV-00310-JCN, 2018 WL 2376090, at *1 n.3 (D. Me. May 24, 2018). Alternatively, the Court notes that despite the title of the pending Motion, it is in sum and substance similar to the motions listed in Federal Rule of Appellate Procedure 4(a)(4), which directs that notices of appeal filed prior to the Court deciding such motions be treated as "effective . . . when the order disposing of the . . . motion is entered." Fed. R. App. P 4(a)(4)(B)(i).

Having determined that the Court retains jurisdiction over this pending Motion, the Court proceeds to the merits and concludes that the Motion for Reconsideration must be DENIED. In short, the Court finds no reason to clarify or reconsider its February 12, 2018 ruling dismissing all of the third-party claims stated against Wendell Large. As noted in the Amended Certificate of Service (ECF No. 47), a copy of this Motion to Dismiss Third-Party Claims (ECF No. 46) was mailed to Tinkham and Alexander on December 27, 2017, and not returned as undeliverable. See Shilo Aff. (ECF No. 54-1). Despite their receipt of this Motion to Dismiss, no timely objection was filed prior to February 12, 2018. Given the multiple bases for dismissal clearly stated in the Motion and the absence of any objection, the basis for dismissal is readily decipherable.

SO ORDERED.

                                        /s/ George Z. Singal
                                        United States District Judge

Dated this 7th day of June, 2018.